IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHNNY GRIFFAY,

    Plaintiff,

v.                                                                                                                          No. 23cv532 JMR/SCY

STATE OF NEW MEXICO, TAXATION
AND REVENUE DEPARTMENT, MOTOR
VEHICLE DIVISION, CITY OF
ALBUQUERQUE, ALBUQUERQUE POLICE
DEPARTMENT, and DUGGER'S TOWING,

    Defendants.

## ORDER TO SUPPLEMENT

THIS MATTER comes before the Court sua sponte. On June 21, 2023, Defendant City of Albuquerque and Non-Suable Defendant Albuquerque Police Department ("City Defendants") removed this case from state court to federal court. Doc. 1. Plaintiff is proceeding pro se. The Notice of Removal asserts federal question jurisdiction. *Id.* ¶ 2. On July 12, 2023, Plaintiff filed a motion to remand to state court. Doc. 16. Neither the complaint nor the motion clearly states whether Plaintiff is bringing federal constitutional claims.

"Federal subject matter jurisdiction is elemental. It cannot be consented to or waived, and its presence must be established in every cause under review in the federal courts." *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1022 (10th Cir. 2012). It is the court's duty to address an apparent lack of jurisdiction sua sponte. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 843 (10th Cir. 1988). "The party invoking federal jurisdiction has the burden to establish that it is proper . . . ." *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014).

"For a case to arise under federal law [sufficient to support federal-question jurisdiction], the plaintiff's 'well-pleaded complaint' must establish one of two things: either that federal law

creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Firstenberg*, 696 F.3d at 1023 (internal quotation marks omitted). "The well-pleaded complaint rule makes the plaintiff the 'master' of his claim. The plaintiff can elect the judicial forum-state or federal-based on how he drafts his complaint. Although he may not circumvent federal jurisdiction by omitting federal issues that are essential to his claim, he can nevertheless avoid federal jurisdiction by exclusive reliance on state law." *Id.* (cleaned up). "Though we do not hold the pro se plaintiff to the standard of a trained lawyer, we nonetheless rely on the plaintiff's statement of his own cause of action. Thus, we may not rewrite a complaint to include claims that were never presented." *Id.* at 1024 (cleaned up).

Plaintiff's complaint lacks a statement of the causes of action. The complaint alleges "unlawful taking of a motor vehicle," "interference with plaintiff's liberty and property interests," "violations of civil rights and due process," "damage to the vehicle and loss of use," and "damage to plaintiff's reputation." Doc. 1-2 at 1-8.

As grounds for federal question jurisdiction, the Notice of Removal alleges:

> This Court has original jurisdiction as provided in 28 U.S.C § 1331 in that the cause arises under the Constitution and law of the United States brought pursuant to 42 U.S.C. § 1983, Fourth Amendment, and Fifth Amendment. See e.g., Complaint at Paragraph 14 (police officers "intending to take the vehicle by force and unconstitutionally"); Section C: Violations of Civil Rights and Due Process; Paragraph 23 (the seizure "…was planned to be done without due process…", "…did not including applying for an [sic] getting a warrant..", and "…was in violation of constitutional provisions against lawful taking of property without due process."; Paragraph 24 ("…warrantless seizure…"); Paragraph 25 ("…seizure of vehicle without due process…"); Paragraph 33 ("…the City acted with deliberate intent to deprive him of the vehicle without due process.").

Doc. 1 ¶ 2.

The Court reviewed Plaintiff's complaint and did not find any references to the "Constitution and law of the United States brought pursuant to 42 U.S.C. § 1983, Fourth Amendment, and Fifth Amendment." *Cf. id.* To be sure, the passages City Defendants directly

quote are present in the complaint. But these passages do not specify whether the allegedly unconstitutional force or the violations of due process violate the federal or the state constitutions. Both the federal and the state constitutions contain similar protections. *Morris v. Brandenburg*, 2016-NMSC-027, ¶ 18-19, 376 P.3d 836, 844 (the "state constitution's due process guarantees are analogous to the due process guarantees provided under the United States Constitution" and if anything, provide *more* liberty protections than the federal constitution). The complaint could be invoking either the state or federal protections, or both, and is therefore ambiguous.

A complaint that "does not seek relief under any federal law," nor seeks an order "interpreting any federal law," is not sufficient to invoke the jurisdiction of the federal courts. *Kumar v. ChaseBank, N.A.*, 2013 WL 4670193, at *1 (M.D. Fla. Aug. 28, 2013). "Rather, federal question jurisdiction requires that a party assert a *substantial* federal claim." *Id.* (emphasis added). A plaintiff is permitted to invoke state law only, even if federal law contains an equally viable cause of action based on the facts. *Firstenberg*, 696 F.3d at 1023.

The Court is sympathetic to the situation of a defendant served with an ambiguous complaint and allegations which *could* arise under federal law. However, "all doubts arising from defective, ambiguous and inartful pleadings should be resolved in favor of the retention of state court jurisdiction." *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957). "The party seeking removal bears the burden of proving the propriety of removal; doubts regarding removal are resolved in favor of the plaintiff's choice of forum in state court." *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013). Federal-question jurisdiction must be established before this case may proceed in federal court.

Plaintiff has filed a motion to remand, which demonstrates a preference for being in state court, Plaintiff's original choice of forum. However, that motion to remand does not clearly answer whether Plaintiff is bringing state constitutional claims, or federal constitutional claims, or both. Plaintiff can bring state constitutional claims only, and avoid bringing federal constitutional claims, if Plaintiff does not want this case to be in federal court. But Plaintiff has not unambiguously said so.

Therefore, it is ordered that by August 3, 2023, Plaintiff may file a supplement to his motion to remand. This supplement should clearly state whether he brings state constitutional claims, or federal claims, or both. The City Defendants may file a response within 14 days of the date of Plaintiff's supplement.

SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE