# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOHNNY GRIFFAY,

       Plaintiff,

    v.                                 Case No. 1:23-cv-00532-KWR-SCY

STATE OF NEW MEXICO, TAXATION
AND REVENUE DEPARTMENT, MOTOR
VEHICLE DIVISION,
CITY OF ALBUQUERQUE,
and
DUGGER'S TOWING,

       Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court upon Plaintiff's Motion for Remand (**Doc. 16**), Defendant City of Albuquerque and Defendant Albuquerque Police Department's (hereinafter "APD") Motion to Dismiss (**Doc. 7**), and Defendant State of New Mexico, Taxation and Revenue Department, Motor Vehicle Division's (hereinafter "Motor Vehicle Division") Motion to Dismiss (**Doc. 9**). Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiff's Motion for Remand is not well taken and, therefore, is **DENIED**. The Court further finds that the Defendant City of Albuquerque's Motion to Dismiss is well taken, and therefore, is **GRANTED IN PART** as to the Plaintiff's federal constitutional claims. The Court also finds that the Defendant Motor Vehicle Division's Motion to Dismiss is well taken, and therefore, is **GRANTED.** The Plaintiff's complaint (**Doc. 1-2**) is **DISMISSED** in part as to the federal claims with leave to

amend. Plaintiff may file an amended complaint within thirty (30) days of the entry of this order, as explained below.

## BACKGROUND

This matter arises out of the APD's seizure of Plaintiff Johnny Griffay's 2003 white Chevrolet truck on July 29, 2021. ***See generally* doc. 1.** Mr. Griffay alleges that he was the owner of a 1993 GM Sierra; after the vehicle was damaged, he repaired it with parts from a Chevrolet truck. **Doc 1-2 at 2**. In 2016, he registered and insured the repaired truck as a composite vehicle.[1] *Id.*

On the morning of July 29, 2021, APD Officer Cockerill stopped the Plaintiff after observing that his license plate tag did not match the description of the vehicle to which it was registered. ***Id*. at 3, 25.** Officer Cockerill then determined that the vehicle's VIN matched its license tag, and the Plaintiff was allowed to leave. *Id.* Later that day, APD auto theft detectives Parra and Nakamura impounded the Plaintiff's truck because the vehicle's P-VIN was altered, not factory attached, and the vehicle was missing other manufactured applied numbers. ***Id*. at 4, 27.** Plaintiff claims that the seizure of his truck was improper, and that he no longer knows the whereabouts of the vehicle after it was towed by Defendant Dugger's Towing. ***Id*. at 7.**

Mr. Griffay, proceeding *pro se*, filed a five-count complaint in the Second Judicial District Court, County of Bernalillo on May 8, 2023 alleging: (i) unlawful taking of a motor vehicle, (ii) interfering with the plaintiff's liberty and property interests, (iii) violations of civil rights and due process, (iv) damage to the vehicle and loss of use to the plaintiff, and (v) damage to the plaintiff's

---

[1] The Bernalillo County Sherriff's Office previously impounded the Plaintiff's vehicle in 2016 for an inconsistency between the vehicle's VIN and the license tag number. **Doc. 1-2 at 2**. Several months later, the truck was returned to Mr. Griffay by court order. ***Id*. at 22** ("Claimant, Johnny Griffay, has demonstrated that he is the true owner of the above-described white Chevrolet 4x4 pickup as set forth in NMSA 11978, § 66-3-503(c)(2009) and that said vehicle shall be returned to him.").

reputation. *Id.* at 1. The Defendants were all personally served on May 22, 2023, and the Plaintiff filed the summons returns documenting service on July 12, 2023.[2] **Doc. 21 at 56-73**.

On June 21, 2023, Defendant City of Albuquerque removed the complaint to federal district court pursuant to 18 U.S.C. § 1331 under federal questions jurisdiction. **Doc. 1.** Plaintiff then filed his Motion to Remand, emphasizing that New Mexico law was "adequate" to litigate his claims but that "federal law is to be applied when necessary." **Doc. 16 at 4.** Mr. Griffay also alleged that Defendant City of Albuquerque made a false statement about its belief that no other Defendants were served at the time of removal. *Id.* at 2. After removal, Judge Yarbrough ordered the Plaintiff to clearly state whether he was bringing his claims under state constitutional law or the Constitution and laws of the United States.[3] **Doc. 18.**

The Defendants filed separate motions to dismiss for failure to state a claim for which relief can be granted. **Docs. 7, 9.** Defendant City of Albuquerque also requests this Court to dismiss all claims against the APD with prejudice because the APD is a non-suable entity. **Docs. 7 at 4, 22.**

## DISCUSSION

Because Plaintiff is proceeding *pro se*, the Court construes his pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *See Santana v. City of Tulsa*, 359 F.3d 1241, 1243 (10th Cir.

---

[2] A Second Judicial District Court, County of Bernalillo case docket (D-202-CV-2023-03725) dated July 10, 2023, shows no evidence of any Defendant being served until June 21, the date that Defendant City of Albuquerque removed the case to federal court and Defendant Motor Vehicle Division entered its appearance. **Doc. 19 at 56-58.** Defendant Motor Vehicle Division entered a Notice of Consent to Removal on June 26, 2023. **Doc. 6**. Defendant Dugger's Towing did not consent to removal before the claims against them were dismissed on August 8, 2023. **Doc. 26.**

[3] Judge Yarbrough invited the Plaintiff to clarify whether his complaint brought only state constitutional claims or both state and federal constitutional claims against Defendants. ("Plaintiff has filed a motion to remand, which demonstrates a preference for being in state court . . . however, that motion to remand does not clearly answer whether Plaintiff is bringing state constitutional claims, or federal constitutional claims, or both. Plaintiff can bring state constitutional claims only, and avoid bringing federal constitutional claims, if Plaintiff does not want this case to be in federal court. But Plaintiff has not unambiguously said so.") **Doc. 18, at 4.**

2004). If the Court can read a *pro se* pleading to state a valid claim, it should do so despite the plaintiff's confusion of legal theories, poor syntax, or lack of proper legal authority. *Hall*, 935 F.2d at 1110. However, the Court cannot assume the role of advocate for a *pro se* litigant by adding facts or constructing legal theories for the plaintiff. *Id.*; *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989). Despite this more liberal standard*, pro se* parties must still follow the fundamental requirements of the Federal Rules of Civil Procedure. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

**I.** **Plaintiff's Motion to Remand (Doc. 16) is denied because this Court has federal questions jurisdiction over the Plaintiff's claims.**

Plaintiff moves to remand this case to state court. **Doc. 16.** Defendant City of Albuquerque asserts that the Court has federal questions jurisdiction over this matter, because the Plaintiff is claiming relief under the Fourth Amendment, Fifth Amendment, and 42 U.S.C. § 1983. **Doc. 1.** Based on the Plaintiff's subsequent filings, the Court agrees that the Plaintiff is seeking relief under the United States Constitution. ***See generally*** **docs. 16, 28.** The Defendants have thus met their burden to show that this Court has federal questions jurisdiction over the case*. See McPhail v. Deere & Co.*, 529 F.3d 947, 953-55 (10th Cir. 2008). Therefore, the Court denies Plaintiff's motion to remand.

**A.  Federal Questions Jurisdiction**

Federal courts are courts of limited jurisdiction. *Fajen v. Found. Rsrv. Ins. Co*., 683 F.2d 331, 333 (10th Cir. 1982). Defendants may remove to the federal district court any civil action brought in a state court of which the federal district courts have original jurisdiction. 21 § U.S.C. 1441(a). There is, however, a presumption against removal, which the defendant seeking removal must overcome. *See Martin v. Franklin Cap. Corp.,* 251 F.3d 1284, 1290 (10th Cir. 2001) (abrogated on other grounds by *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81

(2014). Federal courts have original jurisdiction under 28 U.S.C. § 1331 when the complaint claims a right to recover under the Constitution or the laws of the United States. *Bell v. Hood*, 327 U.S. 678, 681 (1946). Courts refer to this type of original jurisdiction as federal questions jurisdiction. *JFS v. Albuquerque Public Schools*, 41 F.Supp.3d 1279, 1283 (D.N.M. May 27, 2021) (Johnson, J.).

Under the "well-pleaded complaint" rule, the federal question must appear on the face of the plaintiff's properly pleaded complaint. *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987). The plaintiff's well-pleaded complaint "must establish one of two things: either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Firstenberg*, 696 F.3d at 1023 (*quoting Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006) (internal quotations omitted)). The well-pleaded complaint rule makes the plaintiff the master of his claim; a plaintiff, therefore, can draft a complaint that only invokes state law—thereby avoiding federal jurisdiction—even if federal law contains an equally feasible cause of action. *Nicodemus*, 440 F.3d at 1232; *Firstenberg*, 696 F.3d at 1023; *Qwest Corp. v. City of Santa Fe*, 380 F.3d 1258, 1264 n.1 (10th Cir. 2004). A removing defendant must demonstrate, by a preponderance of the evidence, that a federal question exists based on the face of a plaintiff's well-pleaded complaint to properly remove a case from state to federal court. *See McPhail,* 529 F.3d at 953-55; *Board of Cty. Comm. of Boulder Cty. v. Suncor Energy, Inc.*, 25 F.4th 1238, 1255 (10th Cir. 2022).

After reviewing a complaint, a federal district court may remand a case to state court if (1) the district court does not have subject matter jurisdiction—*e.g.*, a lack of federal questions

jurisdiction—over the claim or (2) if there is a procedural defect with the removal.[4] *City of Albuquerque v. Soto Enters., Inc.*, 864 F. 3d 1089, 1092 (10th Cir. 2017). Unlike jurisdictional defects which the court may raise independently, a court may not independently remand a case based on a procedural defect that has not been identified by a party. *Id.* at 1093.

### B.  Plaintiff's Motion for Remand (Doc. 16) to State Court

Defendant City of Albuquerque argues that Plaintiff's claims arise under the Fourth and Fifth Amendments of the Constitution and 42 U.S.C. § 1983; therefore, this Court has federal questions jurisdiction over his cause of action. **Doc. 1.** In response, Plaintiff argues that this Court should remand the case because (1) Plaintiff prefers to litigate this matter in state court and (2) Defendant City of Albuquerque's removal was improper. **Doc. 16.** For the following reasons, the Court disagrees.

This Court has original jurisdiction over Plaintiff's claims if they arise under the Constitution or federal laws. *See* 28 U.S.C. § 1331. Under the well-pleaded complaint rule, the Court reads Plaintiff's complaint and subsequent filings to assert federal constitutional claims. **Doc. 1-2**. *See Bell*, 327 U.S. at 681; 28 U.S.C. § 1331. The face of the Plaintiff's complaint implicates the protections of both the Fourth and Fifth Amendments of the Constitution. ***See id.* at 5-8** (*e.g.*, "warrantless seizure" of the truck was "in violation of constitutional provisions against lawful taking of property without due process" and the "City acted with deliberate intent to deprive [Plaintiff] of the vehicle without due process…"). *See Firstenberg*, 696 F.3d at 1023. While the Plaintiff clearly prefers to be in state court, his filings also say that the Court should apply federal law to his claims "when necessary." **Doc. 16 at 2.** Plaintiff later appears to concede that this Court

---

[4] To remove a civil action from state court to federal court, a party must file a notice of removal containing a short and plain statement of the grounds for removal within thirty days of the service of the complaint and all defendants must consent to the removal. 28 U.S.C. §§ 1446-47.

does have jurisdiction over his claims, by stating "Plaintiff never alleged that a federal court could not hear his issue; rather his issues could be heard in either Court." **Doc. 28 at 1.**

Plaintiff argues that his preference for his claims to be litigated under state law should weigh in favor of the case being remanded to state court. ***See* docs. 16 at 2, 28 at 2** ("Plaintiff made clear his intent to file where he did, in State court…" and "the case should be remanded for consideration under New Mexico law, which is adequate, where federal law is able to be applied when necessary."). However, Plaintiff had ample opportunity to argue or clarify that he does not assert federal claims in his complaint. ***See generally* doc. 18**. *See Qwest Corp*, 380 F.3d at 1264 n.1. Because the Plaintiff has repeatedly declined to do so,[5] and has requested that federal law be applied to this matter "when necessary," the Defendants have properly shown that this Court has federal questions jurisdiction pursuant to 18 U.S.C. § 1331. **Docs. 1, 16 at 2.** *See Bell*, 327 U.S. at 681.

Since this Court has federal questions jurisdiction over the Plaintiff's claims, the remaining avenue for remand is if the Plaintiff shows that there is a procedural defect in Defendant City of Albuquerque's Motion for Removal. ***See doc. 1*;** *Soto Enters.*, 864 F.3d at 1092. Proper removal requires that a defendant file a motion for removal within thirty days of being served the complaint and the consent of all defendants. 28 U.S.C. 1446(b), *Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981). Plaintiff does not assert that the removal was untimely saying "removal was not actually done until the 29th day after service." **Doc. 16 at 2.** Regardless, the record is clear that Defendant City of Albuquerque filed their motion for remand on June 21, 2023, within thirty days of being served with the complaint on May 22, 2023. **Docs. 1-2, 27 at 5.**

---

[5] The Plaintiff does not appear to have responded to the magistrate judge's Order to Supplement requesting that the Plaintiff provide further clarity about whether he was pursuing both federal and state constitutional claims or if he was bringing his cause of action exclusively under state law. *See* **doc. 18, at 4.**

Mr. Griffay also claims that the City of Albuquerque made false statements to the Court about its knowledge of whether the other Defendants were served. **Doc. 16 at 2.** The Court sees no evidence that removal was based on a false statement to the court. ***See id.*** Based on the record and his own statements, the Plaintiff did not file the summons return documents showing which Defendants had been served until July 12, 2023. **Docs. 16, 19 at 56-58.** Because Plaintiff raises no other procedural defects with the removal, the Court declines to remand this matter to state court. *See Soto Enters.*, 864 F.3d at 1092.

## II.    Plaintiff failed to state claim upon which relief can be granted against both Defendant City of Albuquerque and Defendant Motor Vehicle Division as to the federal claims.

With federal questions jurisdiction established, this Court moves to the Defendants' Motions to Dismiss for failure to state a claim. **Docs. 7, 9.** The Court reads the Plaintiff's complaint to allege both civil rights claims ("B. Interference with Plaintiff's Liberty and Property Interests" and "C. Violations of Civil Rights and Due Process") and tort claims ("D. Damage to Vehicle and Loss of Use" and "E. Damage to Plaintiff's Reputation"). ***See generally* doc. 1-2.** After reviewing the applicable law and the parties' filings, the Court finds that the Plaintiff's complaint fails to state a claim upon which relief can be granted as to the federal claims against both Defendant City of Albuquerque and Defendant Motor Vehicle Division.

### A.  Legal Standard for Motions to Dismiss

Rule 12(b)(6) directs the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must include sufficient facts that, if true, states a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Therefore, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). All well-pleaded factual allegations are "viewed in the light most favorable to the nonmoving party." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014).

In ruling on a motion to dismiss, "a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). The Court must draw all reasonable inferences in Plaintiff's favor. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). However, mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007).

## B. Federal Constitutional Claims under 42 U.S.C. § 1983

Federal constitutional claims against government entities are analyzed under 42 U.S.C. § 1983, the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). As an avenue for private citizens to sue government entities, § 1983 creates no standalone rights; rather, the plaintiff must identify a substantive right that arises out of the Constitution or from a federal statute. *Nelson v. Geringer*, 295 F.3d 1082, 1097 (10th Cir. 2002). To state a claim under § 1983, a plaintiff must show (1) the deprivation of a right secured by the federal constitution or by federal law and (2)

that the deprivation was caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *McLaughlin v. Bd. of Tr.*, 215 F.3d 1168, 1172 (10th Cir. 2000).

A government employee can be held individually liable for harms caused by their own conduct under § 1983. *See Martinez v. Carson*, 697 F.3d 1252, 1255 (10th Cir. 2012). To state a claim under § 1983, the plaintiff must name a government official, allege that the government official's individual actions violated the Constitution, and demonstrate that the constitutional violation caused the alleged harm. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998); *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). Therefore, to meet the minimum pleading standard for a § 1983 claim, the plaintiff must "plead that each Government-official defendant, through the official's own actions,[6] has violated the Constitution," *Ashford v. Iqbal*, 556 U.S. at 676.

Government entities may also be held liable under § 1983 when the execution of a government's policy or customs inflict injury on an individual. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). To establish liability of local government entities under § 1983, a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy[7] and the violation alleged. *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996) (citing *Monell*, 436 U.S. at 694). Regardless of the alleged unconstitutional policy,

---

[6] Supervisors of government employees can only be held liable for the acts of their employees under limited circumstances. *See Cannon v. City and County of Denver*, 998 F.2d 867, 877 (10th Cir. 1993); *see also Monell,* 436 U.S. at 694. A successful § 1983 suit against a defendant-supervisor will demonstrate that the defendant (1) created, implemented, or possessed responsibility for the continued operation of a policy that (2) caused the constitutional harm and (3) acted with the state of mind required to establish the alleged constitutional deprivation. *Dodds v. Richardson*, 614 F. 3d 1185, 1199 (10th Cir. 2010).

[7] Relevant policies and customs can be (i) a formal regulation or policy statement; (ii) an informal, but widespread, custom not authorized by policy; (iii) decisions of employees with final policymaking authority; (iv) ratification—after review and approval—by employees with final policymaking authority of the decisions made by subordinate employees; and (v) deliberate indifference to the injuries that may be caused by the failure to adequately train or supervise employees. *Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010).

the plaintiff must show in its complaint that the municipality, through its deliberate conduct, was the moving force behind the injury alleged. *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997). Therefore, a municipal entity cannot be held vicariously liable for the actions of its employee solely because its employee inflicted injury. *Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006).

### C. Defendant City of Albuquerque's Motion to Dismiss (Doc. 7)

The Court reads the Plaintiff's complaint as bringing civil rights claims and tort claims against the City of Albuquerque under both federal law and New Mexico state law**. *See generally* Doc. 1-2.** Defendant City of Albuquerque argues that Plaintiff's complaint fails because (1) the APD is not a suable entity; (2) the Plaintiff did not properly state a claim under § 1983 against the City of Albuquerque or an individual employee of the city; (3) Plaintiff did not establish that the City of Albuquerque had waived its immunity to be sued under the New Mexico Tort Claims Act ("NMTCA"); and (4) the Plaintiff did not show that he complied with the notice requirements of the NMTCA. **Doc. 7 at 2-3.**

At this time, the Court declines to address the Plaintiff's potential state law claims under the NMTCA or the New Mexico Civil Rights Act*. **See generally** doc. 1-2*, N.M. Stat. Ann. § 41-4-1 and §41-4A-3. Reading the complaint in the light most favorable to the Plaintiff, the Court agrees that the Plaintiff has failed to state a federal constitutional claim under § 1983. ***See* Doc. 1-3**; *NBC Universal*, 757 F.3d at 1136. Therefore, the Court will grant Defendant City of Albuquerque's Motion to Dismiss as to the federal constitutional claims and dismiss the Plaintiff's complaint without prejudice. However, the Court grants the Plaintiff leave to amend his complaint to properly state a federal constitutional claim under § 1983, a state constitutional claim under the

11

New Mexico Civil Rights Act, or a state tort claim under the NMTCA. *See* 42 U.S.C. § 1983, N.M. Stat. Ann. § 41-4-1 and §41-4A-3.

First, the Defendant City of Albuquerque asks the Court to dismiss the claims against the APD with prejudice because, as an administrative department within the City of Albuquerque, the APD has no distinct legal identity apart from the City. **Doc. 7 at 4.** The Tenth Circuit has said that "police departments. . . are not suable entities under § 1983, because they lack legal identities apart from the municipality.[8] *Ketchum v. Albuquerque Police Dept.*, 1992 WL 51481, at *2 (10th Cir. 1992) (unpublished). *See Martinez v. Winner*, 771 F.2d 424, 424 (10th Cir. 1985) (finding that City of Denver Police Department is not a distinct suable entity apart from the City of Denver). In response, Plaintiff agreed that "the caption can be reformed to show merely the "City of Albuquerque" without APD being named." **Doc. 17 at 2.** Therefore, the Court will dismiss the claims against the APD with prejudice and will amend the caption accordingly.

Second, reading the Plaintiff's complaint and subsequent filings liberally, the Court finds that the Plaintiff does not state a constitutional claim under § 1983. ***See generally* docs. 1-3, 16, 17.** In Count B, Plaintiff claims that the City of Albuquerque interfered with his liberty and property rights by seizing his truck without a warrant, which the Court construes as a violation of the Fourth Amendment. **Doc. 1-3 at 3.** *See* Const. Amend. IV. In Count C, the Plaintiff claims that the City of Albuquerque seized his truck without due process, which the Court construes as a violation of the Fifth Amendment. **Doc. 1-3 at 4-5**, *See* Const. Amend. V. Plaintiff must use § 1983 as the vehicle to assert these constitutional claims against Defendant City of Albuquerque.

---

[8] The United States District Court for the District of New Mexico has also consistently held that the APD is not a suable entity distinct from the City of Albuquerque. *See, e.g., Young v. City of Albuquerque,* 77 F. Supp.3d 1154, 1186 (D.N.M. 2014) (Browning, J.)*; Chacon v. Albuquerque Police Dept., 347 F.Supp.3d 694 (*D.N.M. Aug 31, 2018) (Browning, J.)*; Costales v. Schultz* (D.N.M. Nov. 13, 2009) (Vazquez, J.) (Doc. 25); *Maxwell v. City of Albuquerque Police Dept.,* (D.N.M. Dec. 30, 2002) (Hansen, J.) (Doc. 24); *Diaz v. Second Judicial Dist. Court,* (D.N.M. Aug. 1, 2001) (Conway, J.).

*Nelson*, 295 F.3d at 1097. Plaintiff's complaint must either (1) assert a claim against an individual city employee whose actions were accountable for the improper impoundment of his truck or (2) or assert that an unconstitutional City of Albuquerque custom, policy, or practice is responsible for the impoundment of his truck. *See Trask*, 446 F.3d at 1046; *Monell*, 436 U.S. at 694.

To properly bring a § 1983 claim for individual liability, the Plaintiff must name a specific government employee, either in an individual or supervisory capacity, as a defendant in the lawsuit. *See Trask*, 446 F.3d at 1046; *Iqbal*, 556 U.S. at 676. Despite referencing exhibits that name several APD officers, Plaintiff does not assert claims against any individual APD officers or name any APD officers as defendants in his complaint. ***See* doc. 1-3, at 3-4, 26, 28.** He merely asserts claims against entities such as the City of Albuquerque. *Id.* In fact, other than Officer Cockerill, the Plaintiff does not name any individual APD officers in the body of his complaint. ***Id*. at 3.** The Plaintiff later argues that he is "not required to know beforehand the names and duties of all City employees who acted against him." **Doc. 16 at 3.** Without identifying a single individual defendant, however, the assertion falls short of the § 1983 pleading requirement to name a government employee responsible for the constitutional violation. *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 768 (10th Cir. 2013). Therefore, Plaintiff has failed to state a claim for relief for a constitutional violation by a government employee under § 1983. *See Trask*, 446 F.3d at 1046.

Because the Plaintiff has not named any individual defendants, his remaining path forward under § 1983 is to plead that the APD was following an unconstitutional municipal custom or policy when it impounded his truck. *See Jenkins*, 81 F. 3d at 933-34; *Monell*, 436 US at 694. The Plaintiff's complaint makes general mention of City of Albuquerque customs, policies, or practices, including APD's power to "confiscate non-compliant vehicles" and Defendant Dugger's

Towing's authorization to auction impounded vehicles. **Doc. 1-3 at 1-2.** Despite these descriptions, the Plaintiff's complaint does not allege that a specific municipal policy or custom caused the impoundment of his truck.[9] ***See generally*** doc. 1-2. *See City of Canton v. Harris*, 489 US 378, 388-89 (1989).

The Plaintiff makes no factual allegations to show that the City of Albuquerque, through its deliberate conduct or custom, was the moving force behind the unconstitutional seizure of his truck, saying "city policy is not known yet and is irrelevant to this motion." **Doc. 17 at 2.** *See Bryson*, 627 F.3d at 788; *Canton*, 489 U.S. at 391. The Court cannot hold City of Albuquerque liable for the actions of the APD just because APD officers may have acted negligently or recklessly when impounding the Plaintiff's vehicle. ***See generally doc. 1-3**; Graves,* 450 F.3d at 1218. Therefore, the Plaintiff's complaint did not state a claim for which relief could be granted for either individual liability or municipal liability under § 1983. *See* Fed. R. Civ. P. 12(b)(6)*; Trask*, 446 F.3d at 1046; *Monell*, 436 U.S. at 694. Defendant City of Albuquerque's Motion to Dismiss is granted as to the Plaintiff's federal constitutional claims.

### D.  Defendant Motor Vehicles Division's Motion to Dismiss (Doc. 9)

The Plaintiff's complaint alleges that Defendant Motor Vehicle Division's records contain "negative data" and a "flag on his license plate" that caused the APD to impound his vehicle. **Doc. 1-2 at 1, 3, 6.** He further claims that Defendant Motor Vehicle Division registered his truck as a composite vehicle in 2016 but failed to keep adequate records of his VIN, resulting in "multiple

---

[9] In his Motion for Remand, Mr. Griffay refers to the New Mexico Office of the Attorney General's manual, "Search and Seizure for Police and Prosecutors," as a policy that the City of Albuquerque must follow when seizing private property. (https://www.nmag.gov/wp-content/uploads/2021/11/nm-oag-search-seizure-manual.pdf, last accessed on Oct. 25, 2023). After referencing the policy, he then concludes without any specific facts or details that the "actual procedures followed by the City do not appear to be authorized by anything in [the manual]." **Doc. 16 at 4.** Because this policy is not mentioned in the complaint and the Plaintiff does not provide any factual content as a basis for his conclusory statement, the Court does not consider this manual as a policy for the purposes of a municipal liability claim under § 1983. ***See generally* doc. 1-2.** *See Kansas Penn Gaming*, 656 F.3d at 1214, *Iqbal*, 556 U.S. at 678, *Monell*, 436 U.S. at 694.

police stops over the years inquiring into his vehicle's license and registration and then letting him go."[10] *Id.* at 2, 5. In response, the Motor Vehicle Division argues that the Plaintiff has failed to state a claim for which relief can be granted because it "was not involved in the alleged seizure of the Plaintiff's vehicle." **Doc. 9 at 1, 3.** After reviewing the parties' briefings and the applicable law, the Court agrees.

During the Plaintiff's first interaction with the APD on July 21, 2021, he was allowed to leave after APD Officer Cockerill "determined the VIN matched the license plate." **Doc. 1-2 at 3, 25.** To figure out that the VIN matched the license plate, Officer Cockerill likely used the Motor Vehicle Division's information, indicating that there was no negative data or flag on the Plaintiff's vehicle. *See id.* Later that day, APD theft officers impounded the vehicle pursuant to N.M. Stat. Ann § 66-3-507 because "the vehicle's P-VIN was altered and was not factory attached to the vehicle" and because it was "missing additional manufactured applied numbers." *Id.* at 27. Therefore, Plaintiff's truck was impounded because he did not display the required VIN documentation on his vehicle, not because of any negative data maintained by the Motor Vehicle Division. *See id.* The Plaintiff's complaint also makes no allegation that the Motor Vehicle Division participated in the APD's decision to impound the vehicle on July 21, 2021. *See docs. 1-2, 9 at 3.*

The Plaintiff failed to plead any factual content that allows this Court to draw the reasonable inference that Defendant Motor Vehicle Division is liable for the impoundment of his truck. *See Iqbal*, 556 U.S. at 678. The Plaintiff has not presented any factual allegations, including his accusations of "negative data," that raise a right to relief above a speculative level. *See* **doc. 1-**

---

[10] *See also id.* at 6. "The State of New Mexico accepted the composite vehicle for licensing, and Plaintiff is not to blame for the failure of the State system subsequently to recognize the authority that he had been given to drive the vehicle in a manner consistent with New Mexico law, and without a flag on his license place that encouraged peace officers on the street to pull over and confiscate his vehicle."

**2 at 6**; *Twombly*, 550 U.S. at 554; *Kansas Penn Gaming*, 656 F.3d at 1214. To properly bring a claim against Defendant Motor Vehicle Division, the Plaintiff must provide factual allegations that support an explanation about what specifically the Motor Vehicle's Division did and what specific legal right the Motor Vehicle Division violated. *See Nasious*, 492 F.3d at 1163. Since he did not do so, the Plaintiff has failed to state a claim for which relief can be granted against Defendant Motor Vehicle Division. *See* Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For the reasons above, the Court denies the Plaintiff's Motion for Remand (**Doc. 16**). The Court grants Defendant City of Albuquerque's Motion to Dismiss (**Doc. 7**) as to the Plaintiff's federal constitutional claims and dismisses all claims against Defendant Albuquerque Police Department with prejudice. The Court also grants Defendant Motor Vehicle Division's Motion to Dismiss (**Doc. 9**).

Finally, the Court dismisses the Plaintiff's federal claims in his complaint (**Doc. 1-2**) without prejudice and grants the Plaintiff leave to amend the complaint. Plaintiff may file an amended complaint within **thirty (30) days**. If Plaintiff fails to timely amend his complaint, the Court may, upon motion of a party or *sua sponte*, dismiss the federal claims with prejudice for failure to state a claim under Fed. R. Civ. P. 12(b)(6) for the reasons stated in this opinion. *Pro se* litigants should be given reasonable opportunity to remedy the defects of their pleadings, especially where curing technical errors may yield a meritorious complaint. *Hall*, 935 F.2d at 1110 n.3; *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001). Fed. R. Civ. P. 15 directs the Court to "freely give" parties leave to amend, which is especially true with *pro se* litigants. *Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998).

**IT IS THEREFORE ORDERED** that:

- Plaintiff's Motion for Remand (**Doc. 16**) is **DENIED;**

- Claims against Defendant Albuquerque Police Department are **DISMISSED** with prejudice;

- Defendant City of Albuquerque's Motion to Dismiss (**Doc. 7**) is **GRANTED IN PART** as to the Plaintiff's federal claims;

- Defendant Motor Vehicle Division's Motion to Dismiss (**Doc. 9**) is **GRANTED**;

- Plaintiff's federal claims in the Complaint (**Doc. 1-2**) are **DISMISSED** without prejudice and with leave to amend. Plaintiff shall file an amended complaint within thirty (30) days of the entry of this order. If Plaintiff fails to timely file an amended complaint, the Court may dismiss the federal claims in this case with prejudice, without further notice, under Fed. R. Civ. P. 12(b)(6) for the reasons stated in this opinion.

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE